IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID SILVER,

    Plaintiff,

v.                                                                   Case No. 18-cv-416 JAP/JHR

HAMRICK & EVANS, LLP,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff David Silver, proceeding *pro se*, filed suit against Defendant Hamrick & Evans for alleged legal malpractice arising out of an action filed on Plaintiff's behalf by Defendant in the Superior Court of California, County of Santa Clara. *See* Complaint (Doc. 1). On June 15, 2018, Defendant Hamrick & Evans, LLP filed a pre-answer motion to dismiss Plaintiff's complaint.[1] (Doc. 4). Defendant contends that Plaintiff's claims against it must be dismissed under Federal Rules of Civil Procedure 12(b)(5), for insufficient service of process, and 12(b)(2) for lack of personal jurisdiction, as well as for improper venue under 28 U.S.C. § 1406. Defendant alternatively requests that the Court transfer this case to the Central District of California under 28 U.S.C. §§ 1404 and 1406. This motion is fully briefed.[2]

---

[1] *See* DEFENDANT HAMRICK & EVANS, LLP'S FED. R. CIV. P. 12(B) NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (Motion) (Doc. 4). The Court notes that Defendant has attached, as an exhibit to its Motion, Defendant's Request for Judicial Notice in Support of Motion to Dismiss or in the Alternative, Motion to Transfer Venue, which itself has several exhibits. This should have been filed as a separate motion and will not be considered by the Court in reaching a determination on Defendant's Motion to Dismiss (Doc. 4).

[2] *See* RESPONSE TO DEFENDANT HAMRICK & EVANS, LLP'S FED. R. CIV. P. 12(B) NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE. (Response) (Doc. 7); DEFENDANT HAMRICK & EVANS, LLP'S REPLY TO PLAINTIFF DAVID SILVER'S OPPOSITION TO 12(B)(6) MOTION TO DISMISS OR TRANSFER VENUE. (Reply) (Doc. 8).

1

Plaintiff also filed two documents related to Defendant's Motion, one titled "Response to Defendant Hamrick & Evans, LLP's Objections to Affidavit of David Silver Filed in Support of Response to Motion to Dismiss" (Doc. 9), and another "Request for Judicial Notice Concerning Errors and Omissions in the June 14, 2018 Affidavit of A. Raymond Hamrick" (Doc. 11), both of which the Court construes as surreplies filed without leave of the Court. *See* D.N.M. LR-Civ 7.4(b). Finally, Plaintiff filed a motion to correct a statement in his Response (Doc. 12), which the Court will consider.

The Court finds that, while service of process was sufficient, the Court lacks personal jurisdiction over Defendant and venue in the District of New Mexico is improper. Accordingly, Court will grant Defendant's Motion, and will order that the case be transferred to the U.S. District Court for the Central District of California.

**I.    BACKGROUND[3]**

Plaintiff David Silver is a resident of New Mexico and the owner of several businesses that "provide leveraged buyout financing services and venture capital funding to clients" within New Mexico and nationally. (Doc. 1 at ¶ 1). Plaintiff hired Defendant, a California based law firm, to represent Plaintiff and Plaintiff's business in a case that was filed in the Superior Court of California, County of Santa Clara on September 15, 2014 against Tavant Technologies, which has its place of business in Santa Clara. (*Id.* at ¶¶ 2, 5). Plaintiff alleges that Defendant committed legal malpractice by failing to follow Plaintiff's written instructions directing Defendant to address certain matters with the California state court. (Doc. 1 at ¶ 4). These matters included: (1) Tavant's alleged violation of a Small Business Administration (SBA) rule prohibiting loans to foreign companies by Small Business Investment Companies (SBIC) (Doc. 1

---

[3] The following background information comes from Plaintiff's Complaint (Doc. 1) and is not a final adjudication of the facts in this case.

at ¶¶ 9-11); (2) Tavant's alleged theft of Plaintiff's online baseball game "Latino Beisbol" (Doc. 1 at ¶¶ 16-17); and (3) Plaintiff's alleged violation of the H-1B visa program (Doc. 1 at ¶¶ 18-19). Plaintiff claims these omissions and Defendant's negligent representation resulted in a $350,000[4] judgment against him and in favor of Tavant Technologies as well as other damages. (Doc. 1 at ¶¶ 12). On May 2, 2018, Plaintiff filed his Complaint asserting five causes of action against Defendant: Failure to Employ a Standard of Care (First Cause of Action); Failure to Follow Client's Instructions (Second Cause of Action); Inadequate Discovery of Facts (Third Cause of Action); Negligence (Fourth Cause of Action); and Punitive Damages (Fifth Cause of Action). (*See generally* Doc. 1). Plaintiff seeks damages totaling $7,050,0000. (Doc. 1 at ¶ 47).

## II. ANALYSIS

### A. Service of Process is Sufficient

Defendant first argues that the Court should dismiss the claims against it for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). "Effectuation of service is a precondition to suit," *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998), and Rule 12(b)(5) authorizes dismissal of a lawsuit for insufficient service of process. Plaintiff bears the burden of establishing validity of service. *See Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). "In evaluating whether Plaintiff has met [his] burden, the Court may examine materials outside of the complaint including affidavits and other documentary evidence." *Warden v. DirecTV, LLC*, 92 F. Supp. 1140, 1143 (D. N.M. 2015) (internal quotation marks and citation omitted).

There is no express provision for service of process under the Federal Rules of Civil Procedure. However, Rule 4(m) sets forth a time limit for service, indicating that a defendant

---

[4] Plaintiff claims that the initial judgment against him was $600,000, but that it was reduced to $350,000 after Plaintiff hired another law firm to assist him in negotiating a reduction. (Doc. 1 at ¶ 12).

3

must be properly served within 90 days after the complaint was filed. Rule 4(e)(1) provides that service on a defendant in a judicial district of the United States can be achieved by following "state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The same rule applies to serving a corporation, partnership, or other unincorporated association. *See* Fed. R. Civ. P. 4(h)(1). Accordingly, relevant here are methods for service of process authorized by New Mexico Rule of Civil Procedure 1-004 and California Code of Civil Procedure §§ 415.10, et seq. Plaintiff has demonstrated that Defendant was properly served in accordance California Code of Civil Procedure § 415.20.

In California service can be accomplished by "personal delivery of a copy of the summons and of the complaint to the person to be served," Cal. Code Civ. Proc., § 415.10. However, substitute service can be made "if a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served," by leaving a copy of the summons and complaint, during usual office hours at the usual place of business of the person to be served, with a person who is "apparently in charge thereof," followed by mailing a copy by first-class mail to that same location. *See* Cal. Code Civ. Proc., § 415.20. Two or three attempts at personal service at a proper place is considered "reasonable diligence" to allow for substitute service. *See Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 615 (C.D. Cal. 1995).

Defendant contends that, for two reasons, Plaintiff has failed to meet his burden of establishing valid service: (1) service of the summons and complaint was effected by Plaintiff, a party to the action, which is not allowed under any of the applicable laws; and (2) the summons and complaint were improperly delivered by mail and Federal Express. (*See* Doc. 4 at 2-4; Doc. 8 at 2). In his response, Plaintiff takes the position that mailing the complaint and summons to

Defendant via United States Postal Service Express Mail, which he appears to have attempted twice, was valid service. (Doc. 7 at 1). These two attempts did not comply with applicable law regarding service of process and were otherwise unsuccessful.

However, on July 19, 2018, still within the 90 day window, Plaintiff filed what is titled "Proof of Service of Complaint on Defendant Hamrick & Evans, LLP" (Doc. 10). Enclosed is an invoice from Countrywide Process, LLC, a registered California process server, an Affidavit of Service Summons & Complaint signed by Kimmberly Allen of Countrywide Process, LLC, and a Declaration of Reasonable Diligence which outlines the steps Ms. Allen took to serve process on Defendant. (Doc. 10 at 3-6). In the Declaration, Ms. Allen states that she attempted to personally serve Defendant at its place of business in Burbank, California on three separate dates, but the person authorized to accept service was not in. (Doc. 10 at 5). Ms. Allen writes that as a result, on Monday, July 16, 2018, she "Substituted Service on: Hamrick & Evans, LLP Business" by serving "Jane Doe Receptionist." (*Id.*). Ms. Allen then provides a physical description of the individual served and states that this person is "a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the person served." (*Id.*). Ms. Allen also mailed a copy of the documents by first-class, prepaid postage to Hamrick & Evans, LLP the following day. (*See id.*), Defendant did not file any additional response contesting Plaintiff's latest "Proof of Service."

The "third time's a charm," and the Court finds that this third attempt at service upon Defendant Hamrick & Evans was effective as substitute service under Cal. Code Civ. Proc. § 415.20. The process server properly noted her efforts to personally serve Defendant, and having made three attempts to leave the summons and complaint with the person authorized to accept service for Defendant, accomplished substituted service in the manner prescribed by California

law. (Doc. 10 at 3-6). Since Defendant filed no response challenging Plaintiff's "Proof of Service" and did not request to file a response, the Court finds that service was properly effected.

### B. The Court Lacks Personal Jurisdiction Over Defendant

Defendant next argues that the Court should dismiss Plaintiff's complaint because the Court lacks personal jurisdiction over Hamrick & Evans. (*See* Doc. 4 at 5-10). As with validity of service, "[t]he plaintiff bears the burden of establishing personal jurisdiction over the defendant." *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984). "Where a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056-57 (10th Cir. 2008). This can be achieved "by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.,* 488 F.3d 1282, 1286 (10th Cir. 2007) (internal quotation marks omitted). Factual disputes in the parties' affidavits must be resolved in Plaintiff's favor. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). "[T]of defeat a prima facie showing of jurisdiction, the defendant must demonstrate that the presence of some other considerations would render jurisdiction unreasonable." *TH Agric. & Nutrition, LLC,* 488 F.3d at 1286 (internal quotation marks and citation omitted).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Id.* at 1286-87 (internal quotation marks omitted); *see also* Fed. R. Civ. P. 4(k)(1) (providing that federal courts may exercise personal jurisdiction over a defendant "who is subject to the

jurisdiction of a [state] court…in the state where the [federal] court is located"). "Fed. R. Civ. P. 4(k)(1) refers the Court to the New Mexico long-arm statute,[5] which is coextensive with constitutional limits imposed by the Due Process Clause." *Trujillo v. Williams,* 465 F.3d 1210, 1217 (10th Cir. 2006). "Thus, if jurisdiction is consistent with the Due Process Clause, then New Mexico's long-arm statute authorizes jurisdiction over a nonresident defendant." *Id.*

"The Supreme Court has held that, to exercise jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Dudnikov*, 514 F.3d at 1070 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). An out-of-state defendant's contacts with the forum state may give rise to either general jurisdiction or specific jurisdiction. *See Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017).

1. **General Jurisdiction**

"General personal jurisdiction means that a court may exercise jurisdiction over an out-of-state party for all purposes." *Id.* "A court may assert general jurisdiction over foreign…corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Id.* at 904 (internal quotation marks and citation omitted). "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts

---

[5] New Mexico's long-arm statute, NMSA 1978, § 38-1-16, provides that "[a]ny person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from: (1) the transaction of any business within this state; (2) the operation of a motor vehicle upon the highways of this state; (3) the commission of a tortious act within this state; [or] the contracting to insure any person, property or risk located within this state at the time of contracting."

test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." *Id.* (internal quotation marks and citation omitted).

Defendant argues in its Motion, supported by an affidavit from Defendant's managing partner, that it does not have the requisite continuous and systematic contacts with New Mexico. (Doc. 4 at 6-7; Doc. 4-3, Declaration of A. Raymond Hamrick, III). In his complaint, Plaintiff claims that Defendant is "a resident of California engaged in interstate commerce through its legal services in California, other states and in the State of New Mexico, *see* Doc. 1 ¶ 2, but alleges no facts in the Complaint and insufficient facts in his Response to suggest Defendant's contacts satisfy the general jurisdiction standard. The Court finds that it lacks general jurisdiction over Defendant.

### 2. Specific Jurisdiction

"Specific jurisdiction means that a court may exercise jurisdiction over an out-of-state party only if the cause of action relates to the party's contacts with the forum state." *Old Republic Ins. Co.* 877 F.3d at 904. The defendant's relationship with the plaintiff is not sufficient to create the necessary minimum contacts. *Walden v. Fiore,* 571 U.S. 277, 286 (2014). Rather, "the relationship must arise out of contacts that the defendant [*itself*] creates with the forum State," and "the defendant's contacts with the forum State itself." *Id.* at 284.

To determine whether a party has sufficient minimum contacts to establish specific personal jurisdiction, courts examine: "(1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the plaintiff's injury arose from those purposefully directed activities; and (3) whether exercising jurisdiction would offend traditional notions of fair play and substantial justice." *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013). "Purposeful direction" is indicated by the existence of three factors: (a) "an

intentional action," (b) that was "expressly aimed at the forum state," (c) "with knowledge that the brunt of the injury would be felt in the forum state." *Dudnikov*. 514 F.3d at 1072.

Defendant contends that not only are facts lacking to support a finding that Defendant "purposely availed itself of the benefits of conducting business in New Mexico; in fact, it did not conduct business in New Mexico at all." (Doc. 4 at 8). Citing to a declaration from Defendant's managing partner A. Raymond Hamrick, III, Defendant notes that it is not licensed to do business in New Mexico, that it does not and has not solicited business in New Mexico, that it does not advertise its services in New Mexico or knowingly direct any marketing efforts to New Mexico residents, that it has no offices, accounts, assets or property in New Mexico, and that none of its partners live in New Mexico. (Doc. 4 at 7; Hamrick Decl. ¶¶ 13-18). Defendant claims that, other than this instant action, Defendant "has no active litigation matters in any New Mexico court and has never brought or defended any action of any kind in New Mexico." (Doc. 4 at 7; Hamrick Decl. ¶¶ 19).

While Plaintiff's Complaint alleges no facts that are relevant to establishing minimum contacts, *see generally,* Doc. 1, Plaintiff offers in his Response and attached affidavit that Hamrick & Evans' partner Martin J. Barab, a New Mexico resident, "aggressively solicit[ed]" Plaintiff in Santa Fe, New Mexico for the purpose of conducting legal services. Plaintiff contends that he met with Mr. Barab in New Mexico on five occasions. (Doc. 7 at 4). According to Plaintiff, "Barab began courting Plaintiff for Plaintiff's legal business with a phone call to Plaintiff on August 1, 2013 inviting Plaintiff to lunch."[6] (Doc. 7 at 2). The two had lunch at Harry's Road House with another individual, though Plaintiff does not state the purpose or content of that meeting. (*See id.*; Ex. 3, to Doc. 7, Silver Affidavit). Plaintiff notes that

---

[6] Plaintiff filed a Motion to Correct the Record (Doc. 12) to inform the Court that he was first introduced to Mr. Barab in September of 2012, a year earlier than Plaintiff had stated in his Response. The Court will note the correction, though it does not alter the Court's analysis here.

approximately a year later, Plaintiff required assistance submitting a screenplay and online baseball game and that "as a favor to Plaintiff, Barab who is an active financier of movies" sent the screenplay to a company on his behalf. (Doc. 7 at 3; Ex. 5 to Doc. 7, Barab Letter). Mr. Barab apparently also advised Plaintiff on how to borrow against the State of New Mexico movie credit for a film being shot in New Mexico when the film's producers approached Plaintiff regarding how to raise capital from lenders. (Doc. 7 at 3; Ex. 3, to Doc. 7, Silver Affidavit). Finally, Plaintiff states Mr. Barab "invited me to lunch at Il Piatto restaurant on July 1, 2014 where he suggested we order the fried chicken livers." (Ex. 3 to Doc. 7, Silver Affidavit). Plaintiff flew to California on November 3, 2014 to meet two of Defendant's partners, and hired Defendant. (Doc. 7 at 3; Ex. 3 to Doc. 7, Silver Affidavit). On behalf of Defendant, Mr. Barab signed the Legal Representation Agreement with Plaintiff.[7] (Ex. 2 to Doc. 7, Legal Rep. Agreement). Plaintiff emphasizes that any work he conducted on the case against Tavant Technologies was done from New Mexico, and that he never entered the courthouse where the case was adjudicated. (Ex. 3 to Doc. 7, Silver Affidavit).

Resolving any conflict in the parties' affidavits in Plaintiff's favor, the Court finds Plaintiff has not met his burden for establishing specific personal jurisdiction over Defendant. The Tenth Circuit, agreeing with a majority of jurisdictions, held "that an out-of-state attorney working from out-of-state on an out-of-state matter does not purposefully avail himself of the client's home forum's laws and privileges, at least not without some evidence that the attorney reached out to the client's home forum to solicit the client's business." *Newsome,* 722 F.3d at 1280-81. The court further stated that "even though a client may feel the effects of the lawyer's

---

[7] Plaintiff states that he hired Defendant on November 3, 2014, the same day that he flew to California, but the Legal Representation Agreement submitted to the Court is dated July 28, 2014 and appears to have been signed in August 2014. It is unclear where that agreement was signed.

10

misdeeds in the client's home forum, the client cannot sue the lawyer there on that account alone." *Id.* at 1280.

While it appears that Mr. Barab and Plaintiff formed some type of relationship after being introduced by a third party (Doc. 12 at 1), Plaintiff has not alleged sufficient facts demonstrating that Defendant purposefully sought out Plaintiff's business or had otherwise sufficient minimum contacts with New Mexico for this Court to acquire personal jurisdiction over Defendant. As a preliminary matter, Defendant asserts by affidavit that Mr. Barab is not a partner of Hamrick & Evans and was never instructed or authorized to solicit, engage in, or develop business in New Mexico. (Doc. 8 at 304; Doc. 8-1, Hamrick Suppl. Dec.). Based on Plaintiff's Exhibit 5, a letter Martin Barab sent to a production company "as a favor" on Plaintiff's behalf, the Court notes that Mr. Barab is in fact listed as "of counsel" at Hamrick & Evans. An attorney serving in an "of counsel capacity" is one "who is affiliated with a law firm, though not as a member, partner, or associate." Black's Law Dictionary (10th ed. 2014) (defining "of counsel").

Moreover, even if Mr. Barab had been authorized by Defendant to solicit Plaintiff's business, Plaintiff's representation of the facts, on their face, does not support his statement that Mr. Barab was "aggressively" soliciting Plaintiff's business on behalf of Defendant. Mr. Barab met with Plaintiff five times over a two-year period. Plaintiff admits that, on at least two occasions, Mr. Barab simply did a favor for him at Plaintiff's request. One time during a lunch the two men apparently discussed fried chicken livers. At another meeting, Plaintiff and Mr. Barab had lunch, with another individual present, though Plaintiff does not say whether the litigation that serves the basis for his malpractice claims was discussed.

The subject matter of the representation at issue was a lawsuit involving contractual disputes subject to California law. All business on behalf of Plaintiff related to the lawsuit was

11

done in California by a California based law firm with California lawyers. And while Plaintiff asserts that any work *he* did on the lawsuit occurred from New Mexico, "[c]ontact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause." *Porter v. Beal*, 293 F.3d 1073, 1076 (8th Cir. 2002). Defendant is not registered to do business in New Mexico, it does not maintain an office in New Mexico, and it does not advertise for or solicit business in New Mexico. Defendant asseverates that, in fact, other than the present litigation it has never had a case in New Mexico courts. Rather, Defendant's attorneys provided advice to Plaintiff on California law from their offices in California. And any alleged injury suffered by Plaintiff arose from those proceedings in California state court. These actions do not demonstrate sufficient minimum contacts with New Mexico. Accordingly, the Court will dismiss the case for lack of personal jurisdiction of Defendant Hamrick & Evans.

### C. The District of New Mexico is an Improper Venue

Finally, even assuming *arguendo* that the Court has personal jurisdiction over Defendant, the Court agrees with Defendant that the District of New Mexico is an improper venue for this case. Venue for cases before the federal court is governed by 28 U.S.C. § 1391. The provision provides, in relevant part, that venue is proper in a judicial district in which any defendant resides or "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(1)-(2). "The substantiality requirement of 28 U.S.C. § 1391(a)(2) is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Whiting v. Hogan*, 855 F. Supp. 2d 1266, 1284 (D. N.M. 2012). If there is no district in which an action may otherwise be brought, venue is proper in any judicial district in which the defendant is subject to the Court's personal jurisdiction. *See* 28 U.S.C. § 1391(a)(3).

Here, Defendant Hamrick & Evans is a resident of California. (Doc. 1 at ¶ 2). Moreover, the District of New Mexico is not a judicial district in which a substantial portion of the events giving rise to Plaintiff's claims occurred. Rather, Plaintiff's claims arose out of alleged legal malpractice committed by Defendant, a California-based law firm, in a case litigated in a California state court, against a California company, Tavant Technologies. (Doc. 1 at ¶¶ 4-5. Plaintiff attempts to counter Defendant's suggestion of improper venue by addressing law and facts that, while relevant to a Court's determination about personal jurisdiction, are not relevant to venue. Because a federal judicial district in California would be a proper venue under Section 1391(b)(2), the catch all provision in Section 1391(b)(3) does not apply. The Court holds that the District of New Mexico is not a proper venue.

### D. The Court Will Transfer the Case to the U.S. District Court for the Central District of California

Defendant asks the Court to dismiss the case for lack of personal jurisdiction and improper venue or, alternatively, to transfer the case to the United States District Court for the Central District of California. (Doc. 4 at 11-12). Plaintiff did not address Defendant's alternative request to transfer the action. Under 28 U.S.C. § 1406, a district court may cure a venue defect by dismissing the case, or, if it is in the interests of justice, by transferring the case to "any district or division in which it could have been brought." Similarly under 28 U.S.C. § 1631, to cure want of jurisdiction a court "shall, in the interest of justice, transfer such action…to any other such court in which the action…could have been brought at the time it was filed or noticed[.]" It appears that Plaintiff could have brought his action in the Central District of California at the time the action was originally filed in the District of New Mexico, and the Central District of California likely has personal jurisdiction over Defendant based on the jurisdictional facts presented here.

13

The Court finds that transfer, rather than dismissal, would be in the interests of justice. *See* 28 U.S.C. §§ 1406, 1631. The vast majority of potential witnesses in this action, including the attorneys who worked on the Tavant Technologies litigation at the center of this lawsuit, live and work in California. The limitations period for a legal malpractice claim arising from a civil action is governed by Cal. Code of Civ. Proc., § 340.6 which provides that such action for a wrongful act or omission, other than for actual fraud, "shall be commenced with one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first," unless tolling applies. The timing of events, including actual or imputed discovery of Defendant's alleged wrongful acts or omissions, is not clear to the Court on the face of Plaintiff's complaint, other than noting that the California state action at issue was filed in September 2014. (Doc. 1 at ¶ 5). However, avoidance of risk of any possible limitations issues further supports a transfer. Finally, Plaintiff did not respond to Defendant's suggestion of transfer as an alternative to dismissal. In the interest of justice the Court will transfer this civil action to the United States District Court for the Central District of California.

IT IS THEREFORE ORDERED that Defendant Hamrick & Evans, LLP's Fed. R. Civ. P. 12(b) Notice of Motion and Motion to Dismiss Plaintiff's Complaint for Insufficient Service of Process, Lack of Personal Jurisdiction, and Improper Venue, Or in the Alternative, Motion to Transfer Venue (Doc. 4) is GRANTED, and the Court will transfer this case to the United States District Court for the Central District of California.

*[signature]*
SENIOR UNITED STATES DISTRICT JUDGE